**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Richard W. Cody, | : | Case No. 1:13 CV 344 |
| Plaintiff | : | |
| v. | : | |
| | : | **REPORT AND** |
| Commissioner of Social Security, | : | **RECOMMENDATION** |
| Defendant | : | |

**I. INTRODUCTION**

This matter was referred to the undersigned Magistrate, pursuant to 28 U.S.C. § 636 and UNITED STATES DISTRICT COURT LOCAL RULE 72.2, for Report and Recommendation as to Plaintiff Richard W. Cody's ("Plaintiff") request for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(a) (Docket No. 25). Pending is Plaintiff's Motion (Docket No. 22), Defendant's Opposition (Docket No. 23), and Plaintiff's Reply (Docket No. 24). For the reasons set forth below, the Magistrate recommends Plaintiff's Motion for Attorney Fees be granted.

**II. PROCEDURAL BACKGROUND**

On November 6, 2009, Plaintiff filed an application for a period of Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1381, alleging a period of disability beginning June 1, 2009 (Docket No. 12, p. 157 of 516). Plaintiff's claim was

1

denied initially on April 2, 2010 (Docket No. 12, p. 83 of 516), and upon reconsideration on September 8, 2010 (Docket No. 12, p. 91 of 516). Plaintiff thereafter filed a timely written request for a hearing on September 21, 2010 (Docket No. 12, p. 94 of 516).

On September 12, 2011, Plaintiff appeared with counsel for a hearing before Administrative Law Judge Suzanne A. Littlefield ("ALJ Littlefield") (Docket No. 12, pp. 23-54 of 516). Also appearing at the hearing was an impartial Vocational Expert ("VE") (Docket No. 12, pp. 35-49 of 516). ALJ Littlefield found Plaintiff to have a severe combination of possible seizure disorder, panic disorder, substance abuse disorder, alcohol-induced psychotic disorder with hallucinations, and shoulder issues, with an onset date of October 28, 2009 (Docket No. 12, p. 71 of 516). Despite these limitations, ALJ Littlefield determined, based on all the evidence presented, that Plaintiff had not been disabled within the meaning of the Social Security Act at any time from the alleged onset date through the date of her decision (Docket No. 12, p. 77 of 516). Plaintiff's request for benefits was therefore denied (Docket No. 12, p. 77 of 516).

Plaintiff timely filed a Complaint in the Northern District of Ohio, Eastern Division, seeking judicial review of the Commissioner's decision denying benefits (Docket No. 1). On September 24, 2013, the undersigned Magistrate recommended the matter be reversed and remanded, pursuant to sentence four of 42 U.S.C. § 405(g), for further consideration and articulation of the opinions of Plaintiff's treating orthopedist, Dr. Robert Zanotti, MD ("Dr. Zanotti") and state examiner Dr. Bruce Goldsmith, Ph.D ("Dr. Goldsmith") (Docket No. 18). On November 18, 2013, United States District Judge Lesley Wells issued an Order adopting the Report and Recommendation in its entirety (Docket No. 21).

On December 17, 2013, Plaintiff filed a Motion for Attorney Fees (Docket No. 22).

Defendant filed its Opposition on December 30, 2013 (Docket No. 23). Plaintiff filed a Reply on January 13, 2014 (Docket No. 24).

### III. EAJA STANDARD FOR AWARDING FEES

A judgment for costs may be awarded to a prevailing party in any civil action brought by or against the United States, or any agency or official thereof. 28 U.S.C. § 2412(a)(1). Such costs may include various court and filing fees. 28 U.S.C. § 2412(a)(1)-(2). A prevailing party may also be eligible to receive reasonable expenses and fees of his attorneys. 28 U.S.C. § 2412(b). The United States, or any agency or official thereof, shall be liable for such expenses and fees "to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award." 28 U.S.C. § 2412(b).

Within thirty days of a final judgment, a party seeking an award of fees and expenses shall submit to the court an application for such fees and expenses that shows satisfaction of four requirements: (1) the party is a prevailing party; (2) the party is eligible to receive an award under 28 U.S.C.A. § 2412(b); (3) the position of the United States was not substantially justified; and (4) an itemized statement from any attorney or expert witness representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. 28 U.S.C. § 2412(d)(1)(B).

### IV. ANALYSIS

Plaintiff contends: (1) he is a prevailing party; (2) he is eligible to receive EAJA fees; (3) the position of the government in denying his SSI was not substantially justified; and (4) the record has been properly supplemented with the basis for attorney fee calculations (Docket No. 22). Plaintiff seeks an award totaling $6,115.35 (Docket No. 22). Defendant objects, arguing that

3

the Commissioner's position was substantially justified (Docket No. 23). In the alternative, Defendant argues that, in the event this Court is inclined to make an award of EAJA fees, the amount awarded should be reduced to $3,117.50, given the statutory fee cap and an excessive number of hours (Docket No. 23).

**A.      THE PREVAILING PARTY**

Plaintiff contends he is a prevailing party for purposes of the EAJA requirements because he succeeded in obtaining a remand to the Commissioner for further consideration (Docket No. 22). Plaintiff is correct (Docket No. 18). A Social Security claimant who obtains a remand order pursuant to sentence four of 42 U.S.C. § 405(g) is a prevailing party for purposes of the EAJA. *Olive v. Commissioner of Social Security*, 534 F.Supp.2d 756, 758 (N.D. Ohio 2008) (*citing Shalala v. Schaefer*, 509 U.S. 292 (1993)). Defendant does not dispute Plaintiff's prevailing party status (Docket No. 23).

**B.      ELIGIBILITY FOR AN AWARD**

For the second requirement, the moving party must be eligible to receive the award of attorney fees and/or expenses. The statute defines "eligible party" as "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed." 28 U.S.C. § 2412(d)(2)(B).

Plaintiff asserts he is an individual whose net worth did not exceed $2,000,000 at the time his civil action was filed (Docket No. 22). Plaintiff last worked at a greenhouse doing manual labor (Docket No. 12, p. 27 of 516). Given these circumstances, it is improbable that Plaintiff's net worth exceeded $2,000,000 at the time of filing. Defendant does not contest the

issue of Plaintiff's net worth (Docket No. 23). The Magistrate concludes Plaintiff is therefore eligible for the award.

C.     SUBSTANTIAL JUSTIFICATION

What determines "substantial justification" is based on a wide variety of factual contexts and legal issues. Essentially, the standard is one of reasonableness, making the pertinent inquiry whether the United States presented a reasonable position based in both law and fact. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

The government bears the burden of establishing that the position of the United States is substantially justified. *Olive*, 534 F.Supp.2d at 758. The government's position is substantially justified "if it is 'justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person.'" *Id*. (*citing Pierce*, 487 U.S. at 565). In the alternative, the government may also attempt to prove that "special circumstances make an award unjust." *Olive*, 534 F.Supp.2d at 758.

Attorney fees should not be awarded simply because the government lost the case on the merits. *Id*. (*citing Brouwers v. Bowen*, 823 F.2d 273, 275 (8th Cir. 1987)). A court must be careful to maintain the distinction between a lack of substantial *evidence*, which results in a remand to the Commissioner, and a lack of substantial *justification*, which results in an award of attorney fees. *Olive*, 534 F.Supp.2d at 758 (emphasis added). The government's position "'can be justified even though it is not correct.'" *Id*. at 759.

Plaintiff alleges Defendant was not substantially justified in its denial of benefits (Docket No. 22, p. 3 of 9). Specifically, Plaintiff claims that ALJ Littlefield failed to properly evaluate the opinion of Plaintiff's treating orthopedist Dr. Zanotti as well as the opinion of state examiner

5

Dr. Goldsmith (Docket No. 22, p. 3 of 9). According to Plaintiff, without this analysis, the Commissioner's findings and conclusion were neither applicable nor supported by substantial evidence (Docket No. 22, p. 3 of 9).

Defendant disagrees, arguing that while Plaintiff was indeed successful in obtaining a remand to the Commissioner, the remand was only for further written articulation of the physicians' opinions, not because the ALJ failed to properly perform the sequential disability evaluation (Docket No. 23, p. 4 of 15). Specifically, with regard to Dr. Zanotti, Defendant argues that the ALJ properly summarized and weighed this opinion, merely failing to discuss the additional required factors such as length of the treating relationship, frequency of examinations, nature and extent of the treating relationship, and supportability and consistency of the opinion with the record as a whole (Docket No. 23, pp. 4-5 of 15). Furthermore, Defendant notes that Dr. Zanotti admitted in his opinion that Plaintiff's impairments were only expected to last nine months, which is less than the durational requirement expected of Social Security claims (Docket No. 23, p. 5 of 15). Likewise, Defendant argues that although the ALJ failed to specifically mention the opinion of state examiner Dr. Goldsmith, the ALJ did include Dr. Goldsmith's restrictions in her ultimate assessment of Plaintiff's residual functional capacity (Docket No. 23, pp. 5-6 of 15). Finally, Defendant argues that Plaintiff's case as a whole lacked overwhelming evidence of a disability (Docket No. 23, p. 6 of 15).

In support of its argument that the Commissioner's litigation position was substantially justified, Defendant relies primarily on two unpublished opinions, *Anderson v. Comm'r of Soc. Sec.*, 198 F.3d 244 (6th Cir. 1999), and *Ratliff v. Comm'r of Soc. Sec.*, 465 Fed. Appx. 459 (6th Cir. 2012) (Docket No. 23). A careful reading of these two cases reveals that Defendant's

6

position is misplaced: neither *Anderson* nor *Ratliff* stands for the proposition that the Commissioner's litigation position is *per se* substantially justified whenever a court remands a case to simply correct an articulation error.

In *Anderson*, the court did not find that "inadequate articulation can *never* result in an award of EAJA fees." *Coy v. Astrue*, 2013 U.S. Dist. LEXIS 50328, *5-6 (N.D. Ohio 2013). Furthermore, *Anderson* is distinguishable from the case at hand in that it deals with articulation of a claimant's ability to meet or equal a listing, not application of the treating physician rule. *Id.* at *6. "To date, no published Sixth Circuit case requires an ALJ to articulate in any particular detail the manner in which a claimant failed to meet or equal a Listing. To the contrary, historically the Sixth Circuit has required only minimal articulation at Step 3 of the sequential analysis." *Id.* (*citing Clemmons v. Astrue*, 2012 U.S. Dist. LEXIS 8650 (S.D. Ohio 2012)).

Likewise, in *Ratliff*, the court noted:

> Ratliff also asserts that the district court erred by applying a "per se rule" that the government's position is substantially justified whenever a court remands a case to correct an articulation error. However, the district court did not refer to a per se rule in its opinion. Instead, the court relied on *Anderson* and other persuasive authority to find that the Commissioner's decision to defend the ALJ's denial of benefits was substantially justified. Indeed, **the court distinguished a case which held that the Commissioner's position was not substantially justified, even though that case also involved a remand to correct an articulation error**.

*Ratliff*, 465 Fed. Appx. at 461 (emphasis added); *see also Conley v. Comm'r of Soc. Sec.*, 2013 U.S. Dist. LEXIS 90510, *7 (N.D. Ohio 2013). Furthermore, Defendant fails to present an arguable defensible reason for ALJ Littlefield's failure to explicitly comply with Social Security regulations (Docket No. 23). Defendant's effort to "minimize the ALJ's error by calling it 'primarily one of articulation' does not assist him in showing substantial justification. This is so because failing to comply with the articulation - or 'good-reason giving' - requirement set by the

7

Regulations is no small matter." *Fisk v. Astrue*, 2008 U.S. Dist. LEXIS 123499, *4-5 (S.D. Ohio 2009); *see also Smith v. Comm'r of Soc. Sec.*, 2013 U.S. Dist. LEXIS 128286, *8 (N.D. Ohio 2013) (stating "Defendant's decision to defend the ALJ's failure to develop the treating physician analysis as required by law and the regulations as a position of the United States is not substantially justified.").

Therefore, the Magistrate finds that the Commissioner's findings and conclusions were not substantially justified, thereby enabling Plaintiff to seek an award of attorney fees.

### D. THE BASIS FOR THE AWARD

Plaintiff argues he is entitled to attorney fees totaling $6,115.35, representing 35.8 hours of work (Docket No. 22). This amount includes 31.4 hours of work performed by Plaintiff's attorney Kirk B. Roose ("Mr. Roose"), at the rate of $187.75 per hour (Docket No. 22, Attachment 1), and 4.4 hours of work performed by Mr. Roose's Appellate Assistant Diane J. Shriver ("Ms. Shriver"), at the rate of $50 per hour (Docket No. 22, Attachment 2). Defendant contests this amount, arguing that Mr. Roose's hourly fee should be limited to the statutory cap of $125 (Docket No. 23, pp. 7-10 of 15). Defendant also alleges that counsel seeks compensation for an excessive number of hours (Docket No. 23, pp. 11-12 of 15).

#### 1. COMPENSABLE HOURS

##### a. MR. ROOSE

Once a court concludes attorney fees should be awarded under the EAJA, the Court must determine if the fee itself is reasonable. 28 U.S.C. § 2412(d)(2)(A). The most useful starting point for determining the amount of a reasonable fee is the number of hours *reasonably* expended on the litigation multiplied by a *reasonable* hourly rate. *See Killings v. Colvin*, 2013

U.S. Dist. LEXIS 51127, *2 (N.D. Ohio 2013) (*citing Hensley v. Eckerhart*, 461 U.S. 424 (1983)). The burden of proof for this reasonableness determination falls on the party seeking the award. *Granzeier v. Middleton*, 173 F.3d 568, 577 (6th Cir. 1999) (*citing Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Counsel for the prevailing party should make a good faith effort to exclude hours that are excessive, redundant, or otherwise unnecessary from the fee request. *Perry v. Comm'r of Soc. Sec.*, 2011 U.S. Dist. LEXIS 152285, *10 (N.D. Ohio 2011). "Hours may be cut for duplication, padding or frivolous claims." *Id*. The court must identify those hours, beyond the allowances for duplicative services, and articulate the reasons for their elimination from hours of service adequately documented. *Id*. at *10-11. Under the EAJA, "an award of fees for preparation of the fee application is compensable." *See Seymore v. Sec'y of Health & Human Servs.*, 738 F.Supp. 235 (N.D. Ohio 1990).

Plaintiff's current request is based on a total of 35.8 working hours, 31.4 of which are attributable to counsel (Docket No. 22, Attachments 1 and 2). This total includes more than twenty-seven hours spent preparing Plaintiff's original and reply briefs in the underlying matter (Docket No 22, Attachment 1, p. 1 of 2). Plaintiff's counsel does not explain why preparation of these two documents, which total *less* than ten pages each, required so much time (Docket No. 22). In the Court's view, the issues presented cannot be classified as novel for an experienced attorney, such as Mr. Roose,, who has managed a law firm that represents Social Security claimants since 1990 (Docket No. 22, Attachment 7). As an explanation for  the more than ten hours spent on counsel's original brief in the underlying matter, counsel notes that the transcript in this case was five-hundred twelve pages long (Docket No. 24, p. 9 of 11). Only two-hundred forty-four of those pages, however,  actually contain Plaintiff's medical records which were

9

summarized in less than two pages of facts in Plaintiff's original brief (Docket Nos. 12 and 13). The brief also fails to include basic components such as an explanation of the standard of disability or the federal court's scope of review (Docket No. 13).

Additionally, in a recent case before this Magistrate, *Tarr v. Comm'r of Soc. Sec.*, 2013 U.S. Dist. LEXIS 126074 (N.D. Ohio 2013), for which Mr. Roose was *also* counsel of record and whose transcript had a similar number of pages, specifically 530 pages, and which was *also* reversed and remanded due to treating physician rule difficulties, Mr. Roose's associate documented only 5.7 hours to draft the original brief and 2.3 hours on the reply brief. Counsel's request for attorney fees in *Tarr* was for only 17.1 hours total. *Tarr*, 2013 U.S. Dist. LEXIS at *9.

Defendant requests that counsel's compensable hours be reduced by seven, to a total of 24.4 hours (Docket No. 23, p. 11 of 15). This Magistrate tends to agree. As noted above, counsel for the prevailing party should make a good faith effort to exclude hours that are excessive, redundant, or otherwise unnecessary from the fee request. *Perry*, 2011 U.S. Dist. LEXIS 152285 at *10. The Magistrate is not persuaded that counsel satisfied this requirement. Therefore, the Magistrate recommends that the total number of compensable hours be reduced to 24.4 which appears reasonable given the likely amount of work needed for an application of this size.

    **b.**  **MS. SHRIVER**

Plaintiff also requests $220 for 4.4 hours of work performed by Appellate Assistant Ms. Shriver, a rate of $50 per hour (Docket No. 22, p. 3 of 9). Courts in Sixth Circuit have frequently awarded EAJA fees for the services of a paralegal or legal assistant. *See Gunther*, 943 F.Supp.2d at 804; *see also Tarr*, 2013 U.S. Dist. LEXIS 126074 at *13. Defendant does not contest the

hourly rate requested for Ms. Shriver but asserts that her time spent preparing outlines and some language for Plaintiff's original and reply briefs in the underlying matter should not be compensated, as Ms. Shriver is not an attorney (Docket No. 23, p. 11 of 15).

As explained above, Mr. Roose seeks compensation for more than twenty-seven hours preparing the original and reply briefs in the underlying matter (Docket No. 22, Attachment 1). Plaintiff offers no explanation as to why Ms. Shriver needed to work an *additional* 2.8 hours on these briefs. Nor does counsel explain why Ms. Shriver was preparing outlines and actual language for these briefs, tasks which are usually the work of an attorney. The Magistrate finds that these 2.8 hours appear duplicative of Mr. Roose's own work. Therefore, the undersigned recommends that Ms. Shriver's total number of compensable hours be reduced to 1.6.

### 2. HOURLY RATES

#### a. MR. ROOSE

According to 28 U.S.C. § 2412(d)(2)(A), the amount of fees awarded shall be based upon prevailing market rates for the kind and quality of services furnished. The EAJA bases attorney fees on the market rate, but also caps the hourly rate at $125 per hour, unless an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). In the Sixth Circuit, it is well established that the EAJA allows for a cost-of-living adjustment based upon increases in the Consumer Price Index ("CPI"). *Begley v. Sec'y of Health & Human Serv.*, 966 F.2d 196, 199 (6th Cir. 1992). However, the Sixth Circuit has also held that the CPI alone is insufficient to warrant an award of EAJA fees at a rate greater than $125. *Killings*, 2013 U.S. Dist. LEXIS 51127 at *2 (*citing Bryant*, 578 F.3d at 450).

In requesting such an increase, plaintiffs "bear the burden of producing appropriate evidence to support the requested increase." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009). To satisfy this burden, a plaintiff must "produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id*. A decision to apply such an adjustment is left to the discretion of the district court. *Begley*, 966 F.2d at 199.

Plaintiff's counsel seeks an enhanced hourly rate for his services according to a cost of living increase (Docket No. 22). In support of his argument, Mr. Roose avers that he has managed a law firm that has represented Social Security claimants since 1990 (Docket No. 22, Attachment 7, p. 1 of 2). Additionally, Mr. Roose notes that "EAJA fees awarded by the courts against the government do not represent the prevailing market rates for attorney fees in Social Security litigation . . . ." (Docket No. 22, Attachment 7, p. 1 of 2). Counsel also cites to the 2011 Survey of Law Firm Economics (Docket No. 22, Attachment 9), and a 2010 profile of hourly billing rates of Ohio attorneys sponsored by the Ohio State Bar Association, which reveals the mean billing rate for small-firm attorneys to be $210 per hour (Docket No. 22, Attachment 8). For attorneys in Northeast Ohio, where counsel is primarily located[1], the mean billing rate is $178 per hour (Docket No. 22, Attachment 8). For attorneys with more than twenty-five years of experience, the mean billing rate is $229 per hour (Docket No. 22, Attachment 8). Counsel also provided the CPI for All Urban Consumers as of June 24, 2012 (Docket No. 22, Attachment 11),

---

[1] Counsel also has an office in downtown Toledo, Ohio.

and employment information reported by the Bureau of Labor Statistics for the Cleveland-Elyria-Mentor areas of Ohio (Docket No. 22, Attachment 10).

Additionally, to more thoroughly explain the local legal market, Mr. Roose offers affidavits from three long-time Social Security practitioners: Dianne R. Newman, Marcia Margolius, and Bradley J. Davis (Docket No. 22, Attachments 4-6). Each attorney averred that the prevailing rate for Social Security attorneys in Northeast Ohio exceeds the statutory limit of $125 (Docket No. 22, Attachments 4-6).

Mr. Roose requests an hourly rate of $187.75 based on the U.S. City Average CPI (Docket No. 22). However, courts throughout the Sixth Circuit have previously held that the "Midwest Urban" CPI "is reasonable and perhaps most accurate as it represents the cost of living increase on a local basis." *Gunther v. Comm'r of Soc. Sec.*, 943 F.Supp.2d 797, 803 (N.D. Ohio 2013). The Midwest Urban CPI for "All Items" for "All Urban Consumers" in March 1996, when the $125 hourly statutory cap was set, was 151.7. Bureau of Labor Statistics, http://data.bls.gov/pdq/SurveyOutputServlet (last visited Feb. 6, 2014). Using this figure as a benchmark, the hourly rates for the months in which counsel provided services are as follows:

| Date | CPI | CPI/151.7 | Hourly Rate |
|---|---|---|---|
| January 2013 | 219.282 | 1.46 | $181.25 |
| February 2013 | 221.599 | 1.46 | $182.50 |
| March 2013 | 222.121 | 1.46 | $182.50 |
| April 2013 | 221.931 | 1.46 | $182.50 |
| May 2013 | 223.049 | 1.47 | $183.75 |
| June 2013 | 223.775 | 1.48 | $185.00 |
| July 2013 | 222.902 | 1.47 | $183.75 |
| August 2013 | 223.046 | 1.47 | $183.75 |

| October 2013 | 222.171 | 1.46 | $182.50 |
| November 2013 | 221.718 | 1.46 | $182.50 |
| December 2013 | 221.194 | 1.46 | $182.50 |

As stated above, the Magistrate has carefully reviewed the schedule of services provided by Mr. Roose and agrees with Defendant that counsel's compensable hours should be reduced by seven, bringing the total to 24.4. Taking into consideration these reduced number of hours, the Magistrate recommends that counsel's total fee be calculated to be $4,432.88.

| Date | Documented Hours | Compensable Hours | Rate x Hours | Total Fee |
|---|---|---|---|---|
| January 2013 | .8 | .8 | $181.25 x .8 | $145.00 |
| February 2013 | .3 | .3 | $182.50 x .3 | $54.75 |
| March 2013 | .2 | .2 | $182.50 x .2 | $36.50 |
| April 2013 | .3 | .3 | $182.50 x .3 | $54.75 |
| May 2013 | .2 | .2 | $183.75 x .2 | $36.75 |
| June 2013 | 10.1 | 8.1 | $185.00 x 8.1 | $1,198.50 |
| July 2013 | .1 | .1 | $183.75 x .1 | $18.38 |
| August 2013 | 17 | 12 | $183.75 x 12 | $2,205.00 |
| October 2013 | .1 | .1 | $182.50 x .1 | $18.25 |
| November 2013 | .2 | .2 | $182.50 x .2 | $36.50 |
| December 2013 | 1.8 | 1.8 | $182.50 x 1.8 | $328.50 |
| **Total** | **31.4** | **24.4** | | **$4,432.88** |

    b.    MS. SHRIVER

Plaintiff requests a rate of $50 per hour for Ms. Shriver's work (Docket No. 22, p. 3 of 9). Research reveals that some courts in the Sixth Circuit have approved only $40 per hour for this

same assistant. *See Gunther*, 943 F.Supp.2d at 805; *Mohr v. Comm'r of Soc. Sec.*, 2013 U.S. Dist. LEXIS 18728 (N.D. Ohio 2013); *Vasquez v. Astrue*, 2012 U.S. Dist. LEXIS 118588 (N.D. Ohio 2012); *Jaworski v. Astrue*, 2012 U.S. Dist. LEXIS 115541 (N.D. Ohio 2012). In this case, the government, however, does not object to the $50 per hour rate for Ms. Shriver. Additionally, the Magistrate has in the past awarded the same assistant the requested rate of $50 per hour. *Tarr v. Comm'r of Soc. Sec.*, 2013 U.S. Dist. LEXIS 126074 (N.D. Ohio 2013). The undersigned, therefore, recommends that Ms. Shriver's 1.6 hours be compensated at a rate of $50 per hour, for a total of $80.

    **3.**    **TOTAL AWARD**

In the present case, Plaintiff is entitled to an award of attorney fees in the amount of $4,512.88, representing his total award. Counsel notes that Plaintiff has assigned the right to be paid these fees to his attorneys (Docket No. 22; Docket No. 22, Attachment 14). Defendant objects to this direct payment, citing the United States Supreme Court's holding in *Astrue v. Ratliff*, 580 U.S. 586 (2010) (Docket No. 23, pp. 12-13 of 15). In *Astrue*, the Court held that fees awarded under the EAJA are payable directly to the litigant in order to potentially satisfy any pre-existing debt that the litigant may owe to the United States. *Astrue*, 580 U.S. at 588-89. This Magistrate would agree that any award of attorney fees be made directly to Plaintiff.

## V. CONCLUSION

For the reasons set forth above, the Magistrate recommends that Plaintiff's Motion for Attorney Fees be granted in the amount of $4,512.88.

    /s/ Vernelis K. Armstrong
    United States Magistrate Judge

Date:    February 12, 2014

## IX. NOTICE

Please take notice that as of this date the Magistrate's report and recommendation attached hereto has been filed. Pursuant to Rule 72.3(b) of the LOCAL RULES FOR NORTHERN DISTRICT OF OHIO, any party may object to the report and recommendations within fourteen (14) days after being served with a copy thereof. Failure to file a timely objection within the fourteen-day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure. The objecting party shall file the written objections with the Clerk of Court, and serve on the Magistrate Judge and all parties, which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. Any party may respond to another party's objections within fourteen days after being served with a copy thereof.

Please note that the Sixth Circuit Court of Appeals determined in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) that failure to file a timely objection to a Magistrate's report and recommendation foreclosed appeal to the court of appeals. In *Thomas v. Arn*, 106 S.Ct. 466 (1985), the Supreme Court upheld that authority of the court of appeals to condition the right of appeal on the filing of timely objections to a report and recommendation.