IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

---

RICHARD W. CODY,

                Plaintiff,

-vs-

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

---

CASE NO. 1:13 CV 00344

MEMORANDUM AND ORDER

UNITED STATES DISTRICT JUDGE LESLEY WELLS

After this Court reversed and remanded the Commissioner of Social Security's decision denying the plaintiff Supplemental Security Income, the plaintiff filed an application for an award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(a), (d). In his initial application, the plaintiff maintains he is entitled to $6,115.35. This figure represents 31.4 attorney hours billed at $187.75 per hour, along with 4.4 hours of work performed by counsel's assistant billed at $50 per hour. The government opposed the application, and the plaintiff filed a reply along with a supplemental EAJA application, seeking an additional award of $1,689.75 for the 9 hours spent preparing the EAJA reply brief.

This matter was referred to United States Magistrate Judge Vernelis K. Armstrong for a Report and Recommendation ("R&R"). The Magistrate Judge issued an R&R recommending that the plaintiff's motion be granted and that the plaintiff be

awarded attorney fees in the amount of $4,512.88. In reaching this conclusion, the Magistrate Judge made the following determinations:

> (1) that the plaintiff is a prevailing party for purposes of the EAJA;
>
> (2) that the plaintiff is eligible for an award of attorney fees pursuant to 28 U.S.C. § 2412(d)(2)(B);
>
> (3) that the government's position was not substantially justified;
>
> (4) that the number of attorney hours as requested were excessive, warranting a reduction be reduced from 31.4 hours to 24.4 hours;
>
> (5) that the number of hours worked by counsel's assistant were duplicative of counsel's hours, warranting a reduction from 4.4 hours, as requested, to 1.6 hours.
>
> (6) that an hourly rate in excess of the statutory cap is justified.
>
> (7) that counsel's assistant's hourly rate of $50.00 per hour was justified.

(Report and Recommendation, Doc. 26).

Both parties filed timely objections to the R&R.

*Standard of Review*

This Court makes "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." Local Rule 72.3(b). The failure by either party to file specific objections constitutes a waiver of the right to appeal the magistrate's recommendations. Thomas v. Arn, 474 U.S. 140, 155 (1985); Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 508–09 (6th Cir.1991).

*The Plaintiff's Objections*

The plaintiff specifically objects to the R&R in three respects. First, the plaintiff

2

argues that the Magistrate Judge erred by reducing the number of compensable attorney hours from 31.4 to 24.4. In the Magistrate Judge's view, the plaintiff failed to adequately support the claim that preparation of the opening and reply briefs in this matter took over 27 hours to complete. The Magistrate Judge noted *inter alia* that the issues presented in this case were not novel, in light of counsel's experience; that both the opening and reply brief were less than ten pages each; and that plaintiff's counsel in a previous, similar case before this Court documented far fewer attorney hours in connection with the briefing in that case. The plaintiff argues that the Magistrate Judge reached her conclusion arbitrarily, by relying on impermissible factors and by failing to recognize that 30 to 40 hours represents the benchmark for the average social security appeal.

The Court disagrees. A district court may, in its discretion, cut hours "for duplication, padding or frivolous claims." Glass v. Sec'y of Health & Human Servs., 822 F.2d 19, 21-22 (6th Cir. 1987) (quoting Northcross v. Board of Education of Memphis City Schools, 611 F.2d 624, 636 (6th Cir.1980)). If a court decides to reject the number of attorney hours claimed, the court "must identify the hours rejected and specify with particularity the reasons for their rejection." Id. In this Court's view, the Magistrate Judge properly identified the number of attorney hours deemed excessive and explained her reasons for excluding those hours. The plaintiff's objection on this point is accordingly overruled. The plaintiff also objects to the Magistrate Judge's recommendation that the number of hours reported by counsel's assistant should be reduced from 4.4 hours to 1.6 hours. For the same reasons described above, the Court is not persuaded that the Magistrate Judge erred, and the objection is overruled.

As for the plaintiff's final objection, the Court agrees with the assertion that the Magistrate Judge overlooked counsel's supplemental EAJA application. Counsel requests compensation for the 9 hours expended in preparation of the plaintiff's EAJA reply. The requested rate is $182.50 per hour.

The EAJA covers "the cost of all phases of successful civil litigation addressed by the statute." Comm'r, I.N.S. v. Jean, 496 U.S. 154, 166 (1990). "A court may compensate a claimant for the value of attorney services rendered in defending the propriety of an EAJA award, including a reply brief and supplemental application." Baker v. Colvin, No. 1:11CV1096, 2013 WL 1284108, at *1 (N.D. Ohio Mar. 25, 2013). In this instance, the Court concludes that the 9 hours expended in preparation of the EAJA reply brief is reasonable. Further, the requested rate of $182.50 per hour, being in accordance with the rate recommended by the Magistrate Judge, is also reasonable. The Court will accordingly grant, in the absence of objection from the government, the plaintiff's supplemental request for attorney fees.

*The Government's Objection*

Next, the Court addresses the government's objection to the Magistrate Judge's R&R. The government contends that the magistrate judge erred in her determination that an hourly rate in excess of the $125 statutory cap was justified.

The Magistrate Judge determined that the rate increase was justified based on several submissions by the plaintiffs. These included an affidavit of counsel stating that "EAJA fees awarded by the courts against the government do not represent the prevailing market rates for attorney fees in Social Security litigation"; a 2011 Survey of Law Firm Economics; a 2010 profile of hourly billing rates for Ohio attorneys sponsored

4

by the Ohio State Bar Association; the CPI for All Urban Consumers as of June 24, 2012; employment information reported by the Bureau of Labor Statistics for the Cleveland-Elyria-Mentor areas of Ohio; and affidavits from three long-time Social Security practitioners, who aver that the prevailing rate for Social Security attorneys in Northeast Ohio exceeds the statutory limit of $125. In light of this evidence, the Magistrate Judge recommended that an hourly rate ranging from $181.25 to $185 (depending on when legal services were provided) was justified.

The government urges this Court to reject the Magistrate Judge's recommendation based on two opinions issued by this Court. See Piporo v. Comm'r of Soc. Sec., No. 5:10cv02695, 2013 WL 3006958 (N.D. Ohio June 12, 2013); Hakkarainen ex rel. Blanton v. Comm'r of Soc. Sec., No. 1:10cv02463, 2013 WL 2950529 (N.D. Ohio June 11, 2013). In both cases, this Court rejected the OSBA Survey, the CPI data, and the affidavits of are Social Security practitioners as an adequate basis to justify an hourly rate above $125. The Court reasoned that this evidence was insufficient because it failed to demonstrate that the requested fee rate was consistent with the prevailing rates of comparable Social Security practitioners in the area.

The Court rejects the government's assertion that the same result is required here. First, in this instance, the affidavits of attorneys Dianne R. Newman and Marcia Margolius plainly state that the prevailing rate of comparable attorneys in the Cleveland area exceeds $175 an hour. Secondly, the plaintiff points out that in numerous recent Social Security cases in the Northern District, including one before this Court, the Commissioner of Social Security either failed to object or stipulated to a rate in excess

5

of the statutory cap. See, e.g., Steigerwald v. Comm'r of Soc. Sec, No. 1:12-cv-2739 (N.D. Ohio Feb. 20, 2014) (Wells, J) (granting unopposed EAJA request for attorney fees for 22.4 hours at $186.88 per hour). For these reasons the Court will overrule the government's objection and accept the Magistrate Judge's recommendation that a rate in excess of the cap is justified.

For the reasons stated above, the Court adopts the Magistrate Judge's Report and Recommendation. The plaintiff's motion for attorney fees is granted in the amount of $4,512.88. The Court further grants the plaintiff's supplemental EAJA application in the amount of $1,642.50. The plaintiff is accordingly entitled to a fee award totaling $6,155.38.

IT IS SO ORDERED.

/s/ Lesley Wells
UNITED STATES DISTRICT JUDGE

Date: May 4, 2015